UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SANDY LEE M.,[1]<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br><br>  Defendant. | Case No. 1:24-cv-00562-DKG<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her application for a period of disability and disability insurance benefits. (Dkt. 1). The Court has reviewed the Complaint, the parties' memoranda, and the administrative record (AR), and for the reasons that follow, will remand the Commissioner's decision for further proceedings.

## BACKGROUND

On October 25, 2021, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning on October 29, 2015. (AR 19). Plaintiff thereafter amended her alleged onset date of disability to

---

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

**MEMORANDUM DECISION AND ORDER - 1**

September 9, 2020. *Id.* Plaintiff's application was denied initially and on reconsideration. *Id.* A hearing was conducted on November 7, 2023, before Administrative Law Judge (ALJ) Brian J. Henry.[2] *Id.* at 19, 38.

After considering testimony from Plaintiff and a vocational expert, the ALJ issued an unfavorable decision on January 17, 2024, finding Plaintiff had not been under disability from September 9, 2020, through March 31, 2021, the date last insured. (AR 19–38). The Appeals Council denied review on October 11, 2024, making the ALJ's decision final. (AR 1–7). On November 20, 2024, Plaintiff timely filed the Complaint in this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

On the date last insured, Plaintiff was thirty-two years of age, which is defined as a younger individual. (AR 37). Plaintiff is a high school graduate and has past relevant work experience as a cashier, patient transport, and as a courier. (AR 36–37). Plaintiff claims disability due to physical and mental impairments, including obesity, postural orthostatic tachycardia syndrome, asthma, Ehlers-Danlos Syndrome, attention deficit hyperactivity disorder, and generalized anxiety disorder. (AR 22–25).

## THE ALJ'S DECISION

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

---

[2] An online video hearing was conducted, and Plaintiff agreed to appear via online video before the hearing and confirmed such agreement at the start of the hearing. (AR 19, 46, 138–139).

**MEMORANDUM DECISION AND ORDER - 2**

result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 404.1520; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff has not engaged in substantial gainful employment activity during the period from her amended alleged onset date of September 9, 2020, through her date last insured of March 31, 2021. (AR 22). At step two, the ALJ found Plaintiff had the following medically determinable, severe impairments: obesity, postural orthostatic tachycardia syndrome, asthma, Ehlers-Danlos Syndrome, attention deficit hyperactivity disorder, and generalized anxiety disorder. *Id*. The ALJ further found Plaintiff's alleged sleep apnea, gastrointestinal reflux disorder, migraine headaches, and arthritis conditions were non-severe. *Id*. The ALJ further concluded that Plaintiff's alleged depression condition was non-severe and had a mild degree of limitation in each of the four areas of mental functioning set out in the disability regulations for evaluating mental disorders in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR 25). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Appendix 1"). 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. (AR 25–28).

**MEMORANDUM DECISION AND ORDER - 3**

The ALJ next found Plaintiff retained the residual functional capacity (RFC) to perform "light" work as defined in 20 C.F.R. § 404.1567(b), with the following additional limitations:

> She can never climb ladders, ropes, and scaffolds. She can occasionally climb ramps and stairs. She can occasionally balance, as defined by the Selected Characteristics of Occupations, stoop, kneel, crouch, and crawl. She can tolerate occasional exposure to humidity and extreme heat. She can tolerate no exposure to hazards, such as unprotected heights and moving mechanical parts. She can tolerate occasional exposure to dust, odors, fumes, and pulmonary irritants. She can understand, remember, and carry out simple and detailed, but not complex, instructions. She can occasionally interact with the public and can frequently interact with co-workers and supervisors. She cannot perform work requiring a specific production rate, such as assembly line work. She can tolerate frequent changes in a routine work setting.

(AR 28).

At step four, the ALJ determined, based on the vocational expert's testimony, that Plaintiff's limitations would not prevent her from performing past relevant work as a courier. (AR 36). Relying upon testimony from the vocational expert, the ALJ found at step five that jobs exist in significant numbers in the national economy that Plaintiff can perform given her age, education, work experience, and RFC, such as: office helper, inner office mail clerk, and cleaner housekeeper. (AR 37–38). Thus, the ALJ determined Plaintiff was not disabled between September 9, 2020, and March 31, 2021, the date last insured. (AR 38).

## ISSUE FOR REVIEW

1.    Whether the ALJ properly evaluated the medical opinion evidence.

**MEMORANDUM DECISION AND ORDER - 4**

## STANDARD OF REVIEW

The Court must uphold an ALJ's decision, unless: 1) the decision is based on legal error, or 2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires more than a mere scintilla, but less than a preponderance of evidence. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

In making its determination, the Court considers the administrative record as a whole, weighing both the evidence that supports and the evidence that does not support the ALJ's conclusion. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). The Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court considers only the reasoning and actual findings identified by the ALJ and may not affirm for a different reason or based on post hoc rationalizations attempting to infer what the ALJ may have concluded. *Garrison*, 759 F.3d at 1010; *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1225–26 (9th Cir. 2009). If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court must uphold the ALJ's finding. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). The Court "may not substitute [its] judgment for that of the Commissioner." *Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999).

**MEMORANDUM DECISION AND ORDER - 5**

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Treichler*, 775 F.3d at 1098. Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## DISCUSSION

1. **Medical Opinion Evidence**

   A. **Legal Standard**

Under the regulations governing an ALJ's evaluation of medical opinion evidence for claims filed on or after March 27, 2017, such as here, the ALJ evaluates the persuasiveness of the opinions based on several factors. 20 C.F.R. § 404.1520c(a). These are: supportability, consistency, relationship to the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)–(5). The most important factors in the evaluation process are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2).

"Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant ... objective medical evidence.'" *Woods v. Kijakazi*, 32 F.4th 785, 791–792 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(c)(1)). "Consistency means the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim.'" *Id*. (quoting

20 C.F.R. § 404.1520c(c)(2)). The ALJ is required to articulate how persuasive they find the evidence and explain how the supportability and consistency factors were considered. *Id*. The ALJ may, but is not required to, explain how the other persuasive factors in paragraphs (c)(3) through (c)(5) were considered. 20 C.F.R. § 404.1520c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how the other persuasive factors were considered. 20 C.F.R. § 404.1520c(b)(3). The ALJ's persuasiveness determination must be supported by substantial evidence. *Woods*, 32 F.4th at 787.

### B.     Medical Opinions of State Agency Consultants Dr. Robert Vestal and Dr. Glenn Zausmer

State agency medical consultants, Doctors Vestal and Zausmer, authored opinions dated March 31, 2022, and November 22, 2022. (AR 87–96, 97–107). Both opinions were based on a review of the medical records through February 24, 2022, and both noted "[t]here is no indication that there is a medical opinion from any medical source." (AR 92, 101). On March 31, 2022, Vestal opined that Plaintiff's physical symptoms and impairments limited her to a "light" RFC. (AR 90). On November 22, 2022, Zausmer affirmed the conclusions of Vestal, ultimately opining that the medical evidence supported the prior "light" RFC. (AR 103).

### C.    The ALJ's Decision

The ALJ found the state agency consultants' physical opinions persuasive, stating in relevant part:

> The prior administrative physical and mental findings are persuasive. The physical and mental limitations set forth in the findings were consistent with the record as a whole including the objective medical evidence and observable signs documented in the overall medical record. . . . Physically, the prior findings indicated a light level exertional capacity, which undersigned finds is consistent with the overall medical evidence of record. Furthermore, the undersigned finds that the claimant can never climb ladders, ropes, and scaffolds and occasionally climb ramps and stairs. Posturally, she can occasionally balance, stoop, kneel, crouch, and crawl. The claimant has a history of asthma and environmentally she can tolerate occasional exposure to humidity and extreme heat as well as exposure to dust, odors, fumes, and pulmonary irritants. Also, the claimant can tolerate no exposure to hazards. As such, the administrative personnel adequately considered the combined effect of the claimant's impairments and symptoms.

(AR 36).

### D.    Analysis

The ALJ found the state agency consultants' physical opinions persuasive because they were consistent with the overall medical evidence of record and considered the combined effect of Plaintiff's impairments and symptoms. (AR 36). Plaintiff argues the ALJ erred by failing to properly explain his evaluation of the supportability and consistency factors, and thus, the RFC is unsupported by substantial evidence. (Dkt. 14). Specifically, Plaintiff asserts the ALJ erroneously evaluated the persuasiveness of the state agency consultants' physical opinions by "wholly skip[ping] over the 'supportability' factor," and addressing the consistency factor in a conclusory manner.

**MEMORANDUM DECISION AND ORDER - 8**

(*Id.* at 6) (arguing the language in 20 C.F.R. § 404.1520c(b)(2) requires an ALJ to conjunctively analyze both supportability and consistency to find a medical opinion persuasive). Defendant asserts the ALJ rationally evaluated the state agency consultants' physical opinions consistent with the applicable regulations and that the ALJ's evaluation is supported by substantial evidence. (Dkt. 16). In making this assertion, Defendant maintains the ALJ discussed the supportability factor, and that, even if he did not, such error is harmless because the ALJ found the opinions were consistent with the record. (Dkt. 16). Having carefully reviewed the record, the Court finds the ALJ erred in evaluating the state agency consultants' physical opinions.

The Court finds that the ALJ failed to adequately discuss the supportability factor in evaluating the medical opinions of the agency consultants Vestal and Zausmer. As discussed, the supportability factor requires the ALJ to look inward at the bases of the medical opinion; "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) …, the more persuasive the medical opinions…will be." 20 C.F.R. § 404.1520c(c)(1).

Here, the ALJ did not expressly nor substantively address the supportability factor. Rather, the ALJ discussed the general consistency of Vestal and Zausmer's medical opinions with the record as a whole, which includes medical records not specifically addressed by either consultant physician. (AR 36) ("The physical and mental limitations set forth in the findings were consistent with the record as a whole including the objective medical evidence and observable signs documented in the overall medical record."). The

**MEMORANDUM DECISION AND ORDER - 9**

ALJ made no effort to identify or cite medical evidence which Vestal and Zausmer based their opinions on, nor did the ALJ indicate how such records relate to or support the agency consultants' medical opinions. The ALJ did not discuss the supporting explanations included in the opinions. The ALJ's only potential supportability consideration is his finding that Vestal and Zausmer's medical opinions "adequately considered the combined effect of the claimant's impairments and symptoms." (AR 36). However, that singular, conclusory statement provides no insight into whether or how the ALJ looked inward to evaluate the bases of the agency consultants' medical opinions for supportability. Absent some indication that the ALJ considered the specific objective medical evidence and supporting explanations presented by Vestal and Zausmer as the bases of their medical opinions, this Court cannot confidently conclude the ALJ conducted a supportability analysis as required. 20 C.F.R. § 404.1520c(b)(2).

      An ALJ may find an opinion to be unpersuasive based on either a lack of supportability or consistency, but where an ALJ finds an opinion to be persuasive, the ALJ must find it both supported and consistent. *Tracy F. v. O'Malley*, No. 1:22-cv-00233-DCN-DKG, 2024 WL 1701572, at *4–5 (D. Idaho Apr. 19, 2024); *Woods*, 32 F.4th at 792–793. Here, because the ALJ determined the medical opinions of the agency consultants were persuasive, the ALJ was required to find the opinions were both supported and consistent. *Tracy F.*, 2024 WL 1701572, at *5. By failing to properly explain how he evaluated the supportability factor in analyzing the persuasiveness of the agency consultants' medical opinions, the ALJ erred.

**MEMORANDUM DECISION AND ORDER - 10**

This error was harmful. An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (citation omitted). This district has held that an ALJ's failure to address supportability when finding a medical opinion persuasive is "not inconsequential to the ultimate non-disability determination and cannot be considered harmless." *Tracy F.*, 2024 WL 1701572, at *3–4 ("As the SSA has explained, an ALJ can find a medical opinion 'is not well-supported *or* is inconsistent with the other evidence and give it little weight,' or may find a medical opinion 'is supported *and* consistent and entitled to great weight.'") (quoting 82 Fed. Reg. 5853 (Jan. 18, 2017) (emphasis added). Likewise, here, "the ALJ's error in failing to address supportability was not harmless" with respect to the medical consultant opinions of Vestal and Zausmer "since the ALJ could not deem [their] opinion[s] persuasive unless [they were] both supported and consistent." *Id.* at *5; *see also Lee D. v. Dudek*, No. 1:24-cv-3132-TOR, 2025 WL 1030354, at *25–26 (E.D. Wash. Apr. 7, 2025) (finding harmful error where the ALJ found medical opinions persuasive because they were "somewhat consistent with the longitudinal record," but did not assess the supportability factor). Because the ALJ found the other medical opinions in the record unpersuasive, the Court cannot confidently conclude that the error found herein did not impact the ultimate disability determination.

## CONCLUSION

Based on the foregoing, the Court finds harmful error in the ALJ's failure to adequately discuss the supportability factor in evaluating the medical consultant opinions

of Vestal and Zausmer. Therefore, the Court will reverse and remand the ALJ's decision for further administrative proceedings.[3]

Here, the ALJ erred by failing to properly address the supportability factor in evaluating the persuasiveness of the agency consultants' medical opinions. The circumstances in this case suggest that further administrative review could remedy the Commissioner's errors. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (Remand is proper where "the record as a whole creates serious doubts as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015); *see also Bunnell*, 336 F.3d at 1115-16.[4]

For these reasons, the Court will reverse and remand the ALJ's decision for further administrative proceedings.

---

[3] Having found that remand is warranted based on one issue raised by Plaintiff concerning the medical opinion evidence, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008).

[4] This is not to say that the disability determination will or should be different regarding the period at issue, only that the Court cannot determine that the outcome would remain the same upon a correct evaluation of the record.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:**

1) The Complaint for Judicial Review (Dkt. 1) is **GRANTED**.

2) This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3) This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: February 13, 2026

_____
Honorable Debora K. Grasham
United States Magistrate Judge